NEW YORK LIFE INSURANCE COMPANY v. ROSA L. SIDES.

Decided May 1, 1907.

**Disqualification of Judge—Mutual Insurance.**

A judge who is a holder of a policy in a mutual insurance company, payable to his wife on his death, but entitling him at the end of twenty years to participate in dividends from the accumulated profits, has such pecuniary interests in the result of a suit by the beneficiary of a policy against the company as to disqualify him from trying it.

Appeal from the District Court of Van Zandt County. Tried below before Hon. R. W. Simpson.

*Locke & Locke* (James H. McIntosh, of counsel), for appellant.

*Wynne & Blanks,* for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by the appellee in the court below against the appellant to recover upon a policy of insurance. The trial in the court below resulted in a verdict and judgment in favor of the appellee for amount of the policy with interest, attorney's fees and costs of suit.

Appellant's first assignment of error contends that the Hon. R. W. Simpson, the District Judge who presided at the trial of this case in the court below, was disqualified to sit therein, because at said time he was a policy-holder in the defendant company, and the defendant company was a mutual life insurance company which had no capital stock and whose only owners were its policy-holders.

It appears from the affidavit of the trial judge which was submitted in support of the ground of appellant's motion for a new trial, which set up the trial judge's disqualification to try the case, and which affidavit is embraced in the statement of facts, that the defendant company is a mutual life insurance company, which has no capital stock and no owners other than its policy-holders; that Judge Simpson had at the time of the trial a policy issued upon his life by the company, whereby it agreed to pay to his widow the sum of $5,000, and also agreed to pay to him at the end of twenty years, if he should be living and the policy should be in force at that time, the share of the accumulated profits of the company apportionable to said policy.

We think that this testimony shows that the trial judge, as one of the owners of the appellant company, is one of the owners of and necessarily directly interested in the assets of the company, in the proportion that the amount of his policy bears to the aggregate amount of policies issued and outstanding at the time, and that he would necessarily suffer a pecuniary loss by a judgment against the appellant which would have to be collected out of its assets (City of Oak Cliff v. State of Texas, 97 Texas, 393). We therefore conclude that Judge Simpson, who tried this case in the court below, was disqualified and that the trial of the case before him was a nullity; and hence, the judgment of the court below will be reversed and the cause remanded.

*Reversed and Remanded.*