KANSAS CITY LIFE INS. CO. v. JINKENS.
(No. 1325.)

(Court of Civil Appeals of Texas. Amarillo. March 27, 1918. Rehearing Denied April 24, 1918.)

1. TRIAL ☞365(1)—SPECIAL VERDICT—DISREGARDING INSTRUCTION.

Though the jury disregarded the instruction to answer the third special issue only in case they answered the first in the affirmative, the verdict, including the answer to the third, being accepted and filed, such answer must be considered in determining their findings on the issues of fact.

2. INSURANCE ☞670—LIFE POLICY—FORFEITURE—PAYMENT OF PREMIUM—SPECIAL VERDICT.

A life policy by its terms being forfeited if a premium was not paid, or, in the absence of waiver, if a note was executed in part payment thereof and not paid, the verdict in an action thereon, in which defendant claimed the payment of a premium was by a note, unpaid at maturity, and plaintiff claimed that the note was a forgery, and had no connection with the premium, leaves the jury's actual findings of fact in such doubt that judgment cannot be entered thereon, the first issue, did insured execute the note, being answered, "No"; the second, did insurer receive anything of value, besides the $4 admitted received, as payment for the premium, and the third, did insurer accept the note and $4 as payment for the premium, being answered, "Yes."

3. BILLS AND NOTES ☞486—ACTION ON POLICY—BURDEN OF PROOF—NOTE PLEADED IN ANSWER.

The burden of proof of execution of a note, on which the answer in action on a life policy was in part based, was, under Rev. St. 1911, art. 3710, on defendant, execution being denied under oath.

4. JUDGES ☞42—DISQUALIFICATION—INTEREST—LIFE POLICY HOLDER.

A judge is not shown disqualified to try an action on a life policy merely because holding a policy in the company, it not appearing it was a mutual company, or that the payment or non-payment of the policy sued on would have any direct effect on any fund in which the judge's policy was entitled to participate, and out of which he might eventually receive a dividend in addition to the guaranteed dividends.

Appeal from District Court, Taylor County; Joe Burkett, Judge.

Action by Mrs. Ellen Jinkens against the Kansas City Life Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. M. Wagstaff, of Abilene, for appellant. Ben L. Cox, of Abilene, for appellee.

BOYCE, J. This suit was brought by appellee, Mrs. Jinkens, on an insurance policy, issued by appellant, on the life of Miss Maude Jinkens, with loss payable to plaintiff, the mother of the said insured. The insurance company answered that the premium becoming due on the said policy on July 31, 1915, was not paid; and, further, that settlement of said premium was made by the said Maude Jinkens by the payment of the sum of $4 in cash, and by the execution and delivery of a premium note for the sum of $27.94, dated July 31, 1915, payable to the insurance company, 30 days after date; that said policy of insurance, among other provisions, contained the following:

"All * * * premiums are due and payable in advance at the home office of the company without notice. * * * Upon failure to pay a premium on or before the date when due, or upon failure to pay any premium note when due, this policy will become null and void without any action or notice by the company, and all rights shall be forfeited to the company," etc.

That said premium note was not paid at maturity or at any time thereafter, prior to the death of the said Maude Jinkens, and that said policy was therefore void. The plaintiff, by supplemental petition, denied under oath the execution and delivery of the said note by the said Maude Jinkens.

The issue upon the trial was as to the execution and delivery by the insured of the note referred to. The officers of the defendant company testified that the note was received by mail on August 30, 1915, at which time a receipt for the payment of the pre-

---

mium was issued to the said Maude Jinkens, which receipt was in evidence at the trial. No correspondence with the said deceased in regard to the note and no evidence as to the genuineness of the signature of the said Maude Jinkens to said note was offered, except the introduction of admittedly genuine signatures for the purpose of comparison. The mother of the defendant expressed it as her opinion that the signature to the note was not that of her daughter, and other evidence was introduced which cast some doubt as to the transaction. The burden of proof, as we shall hereafter show, was upon the defendant to prove the execution and delivery of said note by the said Maude Jinkens; and, without going into further detail as to the facts, we hold that the issue as to whether the note was executed and delivered to the company by Maude Jinkens, in part payable for the premium becoming due July 31, 1915, was properly one for the jury, and overrule appellant's first and second assignments of error.

The case was submitted on special issues, the first three issues being as follows:

"(1) Did the insured, Maude Jinkens, execute and deliver to the defendant the note for $27.94, which is described in defendant's answer? (2) Did the Kansas City Life Insurance Company receive anything of value besides the $4 which it is admitted it received as payment for the premium for the year beginning July 31, 1915? (3) If you have answered question No. 1 in the affirmative, then did the defendant, the insurance company, accept said note and $4 in money as payment for the premium for the year beginning July 31, 1915?"

To the first issue the jury answered, "No." To the second and third issues its answer was "Yes." The other issues submitted have no bearing on the question which we are now to consider. Appellant assigns error on the action of the court in entering judgment for the plaintiff on this verdict because of the uncertainty created by the conflicting answers to the first and the second and third issues.

[1] Appellee contends that, since the jury were directed to answer the third issue only in the event the first issue was answered in the negative, the answer to the said third issue may be disregarded as immaterial. Since the jury did not follow this instruction, and the verdict, including the answer to the third issue, was accepted and filed, this answer must be considered in determining the finding of the jury on the issues of fact.

[2] So considering the verdict, we are not able to reconcile the findings. The issue made by the evidence was whether this note was given in part payment for the premium falling due July 31, 1915; the position of the appellant being that such premium was paid by the $4 cash and this premium note; that of the plaintiff being that the note was a forgery and had no connection with the payment of the premium. The answers to the second and third issues, taken together, indicate that the jury concluded that the on-ly thing that the company received in payment for said premium due July 31, 1915, was the note and $4 cash, and that such premium was not otherwise paid. If the premium was not paid, the policy, by its terms, would be forfeited; if the note was executed in part payment for the premium it was a premium note, and, under the terms of the policy, the failure to pay it would avoid the policy if the forfeiture was not waived. National Life Ins. Co. v. Reppond, 81 S. W. 1014; Reppond v. Insurance Co., 100 Tex. 519, 101 S. W. 787, 11 L. R. A. (N. S.) 981, 15 Ann. Cas. 618; Thompson v. Knickerbocker Life Insurance Co., 104 U. S. 252, 26 L. Ed. 765; Knickerbocker Life Insurance Co. v. Pendleton, 112 U. S. 696, 5 Sup. Ct. 314, 28 L. Ed. 866; Pitt v. Berkshire Life Insurance Co., 100 Mass. 500; Joyce on Insurance (2d Ed.) § 1204. The verdict leaves the actual findings of fact by the jury in such doubt as we do not think any judgment can be legally entered thereon.

[3] We overruled the fifth assignment, which complains of the charge of the court in placing the burden of proof as to the execution of the note on the defendant. The answer of the defendant was in part based on this note. Its execution was denied under oath, and the burden of the proof of its execution was therefore on the defendant. R. S. art. 3710, 1906 (8); M., K. & T. Ry. Co. v. Gober, 125 S. W. 383.

[4] Appellant, in its motion for new trial, for the first time alleged that the judge of the district court who sat in the trial of the case was disqualified because of interest. In support of this contention it was shown that said judge held a life insurance policy in the defendant company. This policy was a 20 payment life policy, and provided that it should participate in the profits of the company, and in anticipation of such profit guaranteed, during the term of the policy, if it should be kept in force by the payment of the annual premium in advance, an annual dividend, in stated amounts, increasing during each year, and evidenced by coupons attached to the policy. The policy by its terms further provided that—

"This policy is issued on the twenty-year accumulation plan, and will receive its full share of the profits as apportioned by the company at the end of that period if the assured be then living and if all the premiums have been paid hereon. * * * In consideration of the guaranteed payment in cash from the surplus by the coupons hereto attached, the insured hereby agrees that any annually determined portion of the divisible surplus, in addition to the amounts stipulated in the coupons, shall be allowed to accumulate until all premiums contracted hereon have been paid."

As we construe the policy, the insured would get no benefit of the profits or divisible surplus apportioned by the company except on the following conditions: That he should survive its term; that it should be kept in force during said full term, and the accumulated dividends should then exceed the guaranteed dividends already paid on

the policy. So that in any event the interest of the trial judge appears rather remote, and in a sense at least contingent. It was held in the case of New York Life Insurance Co. v. Sides, 46 Tex. Civ. App. 246, 101 S. W. 1163, where the policy provided for payment to the insured at the end of 20 years if he should be living and the policy should then be in force, its share of accumulated profits apportionable to the policy, and where it further appeared that the company was a mutual company having no capital stock and being owned by the policy holders, that the trial judge holding such policy was necessarily interested in the assets of the company as one of the owners thereof. It does not appear whether the appellant company is a mutual company, nor does it appear that the payment or nonpayment of the policy sued on will affect directly the profits or divisible surplus in which the policy of the trial judge is entitled to participate; the evidence being silent as to how, under the laws of its creation and the charter and by-laws of the company, this surplus apportioned by the company to the policy holders is to be ascertained. So that it does not even appear that the payment or nonpayment of the policy sued upon would have any direct effect on any fund in which the trial judge's policy is entitled to participate and out of which he might eventually receive a dividend in addition to the guaranteed payments already paid. We therefore conclude that the evidence was insufficient to show that the trial judge was disqualified. City of Oak Cliff v. State, 97 Tex. 391, 79 S. W. 1068.

Reversed and remanded.