# Dark Tobacco Growers' Co-operative Association v. Wilson, Judge, et al.

(Decided January 13, 1925.)

PETITION FOR WRITS OF MANDAMUS.

1. Judges—Judge Disqualified, in Action by Association of which he is Member.—Circuit court judge properly declined to sit in an action brought by a co-operative association of which he was a member.

2. Injunction—Disqualified Judge is "Absent from the County," Within Statute Authorizing Clerk to Grant Injunction or Temporary Restraining Order.—A judge, disqualified to act in case, is "absent from the county," within Civil Code of Practice, section 273, authorizing clerk of court to grant injunction or temporary restraining order under such circumstances.

L. P. TANNER, AARON SAPIRO, ABE D. WALDAUER and R. G. GARRISON for plaintiff.

CLEMENTS & CLEMENTS and BEN D. RINGO for defendant.

OPINION THE COURT BY JUDGE SAMPSON—Denying writ of mandamus against George S. Wilson, judge, but sustaining motion for writ against George F. Haynes, clerk of the Daviess circuit court.

This is an original action in this court by the Dark Tobacco Growers' Co-operative Association, praying a writ of mandamus or mandatory injunction issue against the defendant, George S. Wilson, judge of the Daviess circuit court, and judge of the sixth judicial district of Kentucky, requiring him as judge to sign a restraining order or temporary injunction prayed in a case styled "Dark Tobacco Growers' Co-operative Association, Plaintiff v. Shirley Hodges, Defendant," pending in the Daviess circuit court; and if this cannot be done, then that this court issue a mandatory order directing and requiring defendant, George F. Haynes, clerk, to issue a temporary restraining order, as prayed in the case of Dark Tobacco Growers' Co-operative Association v. Hodges, without notice in either case.

There is also a prayer that a writ of mandamus or mandatory injunction be issued by this court commanding the clerk to issue temporary restraining orders in all cases where allowed by the Bingham Co-operative Marketing Act.

The petition alleges that Judge Wilson, who is a member of the plaintiff association, has declined to sit

in the case or to hear the motion on account of his interest, and this fact has been noted of record by the clerk of the Daviess circuit court in a regular order showing the disqualification of the judge and his declination to serve.

The action of Judge Wilson in declining to sit in a case where he is interested was entirely proper, for which he is to be commended. Being disqualified in the cases, and the record manifesting this fact, he is not the judge of the court in the case of the Dark Tobacco Growers' Co-operative Association v. Hodges. The judge of the court in that particular case is absent from the county, within the meaning of section 273 of the Civil Code, which provides that the clerk of the court may grant an injunction or temporary restraining order if the judge of the court be absent from the county. The Code provision makes it clear that it was intended that some official should always be available within the county to protect the rights of litigants by the issual of injunctive orders. When the judge is disqualified he is judicially absent from the county, and the clerk may act as if he were actually absent therefrom. The prayer of the plaintiff association for a mandatory order against the judge is denied for the reasons stated, but the mandatory order will issue directing George F. Haynes, clerk, to sign and issue, in the case of Dark Tobacco Growers' Co-operative Association v. Hodges, pending in the Daviess circuit court, the injunction prayed, on motion of plaintiff association or its counsel.

Whole court sitting.