Clem H. PAHL et al., Appellants,

v.

A. Lee WHITT et al., Appellees.

No. 5222.

Court of Civil Appeals of Texas.

El Paso.

April 24, 1957.

Sutton, Steib, & Barr, San Angelo, for appellants.

Lee & Lee, Mason, Alfred Petsch, Fredericksburg, for appellees.

HAMILTON, Chief Justice.

This suit was originally brought by plaintiffs Clem H. Pahl, Willie Maurer, and R. C. Hagee, individually, as members of the Central Texas Electric Cooperative, Inc., and as representatives of all other·members of the Central Texas Electric Cooperative, Inc., as a class, against the Central Texas Electric Cooperative, Inc., its Manager and each member of the Board of Directors, including one former Director. The relief asked for in said suit is an injunction against the Central Texas Electric Cooperative, Inc., from expending any additional funds of the Cooperative for and in connection with certain civil litigation in the nature of libel suits, which litigation is between individuals other than the Cooperative, and to recover from the Directors for and in behalf of the Central Texas Electric Cooperative, Inc., all funds theretofore expended by the Central Texas Electric Cooperative, Inc., in the defense of and in connection with said libel suits. The amount involved in this case is approximately $2,000 already expended. Of course the amount of future possible expenditures is undetermined. From a judgment denying plaintiffs below any relief, the plaintiffs have appealed.

The first point made in this case by appellants, the plaintiffs below, is that the case should be reversed because the trial was had before an improperly constituted tribunal, in that the trial judge in the case was a member of the Central Texas Electric Cooperative, Inc., a party to this suit, and was interested in the legal sense in the case.

The trial judge, during a preliminary hearing of this cause, made the following statement:

"At the outset, and before any official action is taken by this court, and in order to make it known to all, I want to announce publicly, and I wish to so announce here, that I am a member of the Central Texas Electric Co-op. I tell

you this so you will have that before you. Under the law I do not think I am disqualified, but want the attorneys and litigants to know that I receive public service from the Co-op in Kerr County."

Following that statement, attorneys for appellants agreed to waive any disqualification, if there was such. Attorneys for appellees, the defendants below, raised no question of disqualification of the trial judge. However, appellants have raised the question here, on the ground that the disqualification of a judge cannot be waived or cured, even with the consent of all of the parties. In this they are correct. 25 T.J. 303–306. The Supreme Court said, in an early case:

"Even though the parties agree to waive any objection to disqualification of the judge, yet the judgment is a nullity, and the case stands precisely as though no judgment had been rendered." Chambers v. Hodges, 23 Tex. 104, 105.

■■ While the trial judge is properly the one to pass on the question of his disqualification, we do not believe that the Constitution allows him very much discretion in the matter. Art. 5, Sec. 11 of the Constitution Vernon's Ann.St. provides as follows:

"No judge shall sit in any case wherein he may be interested * *."

It is our opinion that the trial judge, being a member of the Central Texas Electric Cooperative, Inc., is disqualified to sit in the trial of a case wherein it is a party, even though he is only one of 5,000 members. It is true that his interest may be very small, and we are certain that the trial judge knew, in holding himself to be qualified, that he could try the case with complete fairness and impartiality as to the parties, but that does not seem to be the test. In this case, the plaintiffs were seeking to recover for the benefit of the Cooperative the monies it had expended in defense of certain libel

suits brought against the Directors of the Cooperative as individuals. Any money recovered by virtue of such allegation would belong to the Cooperative, of which the judge was a member. Art. 1528b, Sec. 25 (c), Vernon's Ann.Civ.St., which pertains to the cooperatives of the type we have involved here, provides as follows:

"(c) Revenues not required for the purposes set forth in Sub-section (b) of this Section shall be returned from time to time to the members on a pro rata basis according to the amount of business done with each during the period, either in cash, in abatement of current charges for electric energy, or otherwise, as the Board determines; but such return may be made by way of general rate reduction to members, if the Board so elects."

In other words, if a Cooperative makes money, its members may receive dividends in the form of money or lowered rates for electricity, thus such members are in very much the same situation as stockholders in a corporation.

■■ It has long been held that a stockholder in a corporation is disqualified to sit as judge in a trial wherein the corporation is a party. 48 C.J.S. Judges § 80, p. 1051; Templeton v. Giddings, Tex., 12 S.W. 851; King v. Sapp, 66 Tex. 519, 2 S.W. 573; 25 T.J., pp. 272, 273. Also, as a rule, a judge is disqualified from sitting at the trial of an action against a mutual association of which he is a member. Sovereign Camp, Woodmen of the World v. Hale, 56 Tex.Civ.App. 447, 120 S.W. 539; New York Life Ins. Co. v. Sides, 46 Tex.Civ.App. 246, 101 S.W. 1163.

The words "may be" as used in the constitutional provision imply that if there be a doubt or a question of a judge being "interested", that that doubt or question should be resolved in favor of disqualification, rather than qualification of the judge. In the case of Cotulla State Bank v. Herron, Tex.Civ.App., 202 S.W. 797,

798, Chief Justice Fly of the San Antonio Court used the following language:

"It is to be regretted that a judge should try a case in which there is the least ground upon which to base a claim for his disqualification, and, if an error is ever made as to his disqualification, it should be in favor of the disqualification rather than against it. An independent, unbiased, disinterested, fearless judiciary is one of the bulwarks of American liberty, and nothing should be suffered to exist that would cast a doubt or shadow of suspicion upon its fairness and integrity."

In the case of Collingsworth County v. Myers, Tex.Civ.App., 35 S.W. 414, the court held that a county judge who had been made a party, but who was in no sense a proper or necessary party, and could not be liable on the case, or for costs, could not enter an order dismissing himself from the suit, and could not enter any order whatsoever. The Supreme Court, in Reeves v. State ex rel. Mason, 114 Tex. 296, 267 S. W. 666, especially approved of such holding. The only case we have found touching on membership in a Cooperative, as being a disqualifying factor, is by the Court of Appeals of Kentucky, in the case of Dark Tobacco Growers' Co-op Ass'n v. Wilson, 206 Ky. 550, 267 S.W. 1092, wherein it was held that the judge, who was a member of such Co-op. Ass'n, a party in the cause, properly disqualified himself.

There is one question in this case which does not arise in any of the other cases cited. It must be remembered that this case was brought by the appellants, not only for themselves as members of the Cooperative, but for every other member as a class, which included the judge himself. For this reason alone, we are compelled to hold that the trial judge was disqualified to try the case. If each of the named parties plaintiff that brought this suit has a justiciable interest in the suit, so does the Judge. Whatever benefits hoped to be obtained by the plaintiff members who brought this

suit if successful, would inure to the benefit of the trial judge; as each is affected by the results of the suit, so would be the trial judge.

In view of our holding in this matter, we decline to pass on any other points raised, and reverse and remand the case.

McGILL, J., not participating.