IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1596-12






JAMES GARZA, Appellant


v.


THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FROM THE FOURTH COURT OF APPEALS

BEXAR COUNTY




 Price, J., filed a concurring opinion in which Womack, J., joined.


CONCURRING OPINION


 I join the Court's opinion without reluctance or hesitation--but then, I was among the
majority in Ex parte Maxwell. (1) I readily agree with the Court today that Maxwell held, if
only by necessary implication, that an Eighth Amendment claim predicated on Miller v.
Alabama, (2) that a mandatory sentence of life without parole cannot be imposed upon a
juvenile offender, cannot be forfeited at the trial court level. (3) I write further to explain why
I think that the implied holding in Maxwell is the correct one.

I.

 In the context of direct appeals, we have declared it to be a "systemic" requirement
that courts of appeals address every potential issue of procedural default that might arise on
direct appeal, at least before it may grant appellate relief. (4) Should it be demonstrated that
a court of appeals has failed to do so, this Court will either remand the cause for such further
proceedings or, in rare cases where the answer to the procedural default issue is evident, we
will resolve it ourselves. (5) Of course, we ourselves have no such backstop when it comes to 
post-conviction habeas corpus proceedings brought pursuant to Article 11.07, (6) in which we
are the court of return. (7) In that capacity, we are the ultimate arbiter of the facts and the law,
with the power to grant or deny relief as we deem appropriate. When we resolve an
application for writ of habeas corpus--at least one that we have filed and set for submission
and resolved in the applicant's favor, as we did in Maxwell--it should be presumed that we
resolved every issue necessary to final disposition of the writ application before we granted
relief, including issues of procedural default. Because we granted habeas corpus relief in
Maxwell, despite the lack of a trial objection, it must be presumed that we necessarily held,
however implicitly, that a violation of the Eighth Amendment as recognized in Miller was
not subject to procedural default by inaction--it simply cannot be forfeited.

II. And with good reason. In Maxwell, we canvassed the various jurisdictions that have
addressed the question of the retroactivity of the Supreme Court's holding in Miller and then
opted to join those that have held it to be, indeed, fully retroactive. To that end, we
concluded that Miller announced a substantive limitation upon a state's ability to impose a
certain punishment upon a certain class of offender; or, put another way, we deemed Miller's
rule to be "categorical because it completely removes a particular punishment from the list
of punishments that can be constitutionally imposed, that of mandatory life without parole." (8) 
It is precisely this kind of substantive and categorical limitation upon state power that
typically triggers the so-called "absolute requirement or prohibition" classification, which
Marin v. State recognizes to be immune from procedural default because it vindicates a
broader societal interest and is therefore essentially not optional with the parties. (9) While we
did not expressly address the question in Maxwell of whether a Miller claim is subject to
forfeiture by inaction, the reasons we gave for declaring it retroactive nonetheless amply
justify placing a violation of Miller at least within the class of claims that probably cannot
even be affirmatively waived (although I agree we need not decide that issue today). Indeed,
the hard issue that Maxwell presented was whether a Miller claim genuinely invokes the kind
of substantive and categorical Eighth Amendment prohibition that justifies fully retroactive
treatment. Once the majority decided that issue in Maxwell's favor, the incremental step
from our conclusion that Miller is substantive and categorical for retroactivity purposes, to
the conclusion that it occupies one of the non-forfeiture classifications for purposes of a
procedural default analysis under Marin, seems so obvious that, to a certain extent, the Court
can be excused for failing to decide the question overtly in Maxwell itself.


FILED: June 11, 2014

PUBLISH
1. 424 S.W.3d 66 (Tex. Crim. App. 2014).
2. 132 S.Ct. 2455 (2012).
3. Although Maxwell failed to raise his Miller claim at the trial court level, 424 S.W.3d at 68, 
we nevertheless granted him relief in his post-conviction habeas corpus application in the form of
a remand for the kind of hearing that Miller dictates, having declared such a claim to have retroactive
effect even on collateral attack, without expressly addressing why habeas relief was appropriate
notwithstanding Maxwell's failure to invoke Miller in the trial court. Id. at 76.
4. E.g., Lackey v. State, 364 S.W.3d 837, 845 n.28 (Tex. Crim. App. 2012).
5. E.g., Haley v. State, 173 S.W.3d 510, 515-17 (Tex. Crim. App. 2005).
6. Tex. Code Crim. Proc. art. 11.07.
7. E.g., Ex parte Reed, 271 S.W.3d 698, 754 (Tex. Crim. App. 2008) (Price, J., concurring).
8. Maxwell, 424 S.W.3d at 74.
9. See 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) ("Of course, the system also includes
a number of requirements and prohibitions which are essentially independent of the litigants' wishes. 
* * * [A]bsolute requirements and prohibitions, like rights which are waivable only, are to be
observed even without partisan request. But unlike waivable rights, they can't lawfully be avoided
even with partisan consent.").