

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-17-00420-CR

———————————————

SAMUEL HERSCHEL CLAUDER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 78th District Court
Wichita County, Texas
Trial Court No. 57,648-B

Before Pittman, Birdwell, and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

This is an appeal of the trial court's judgment adjudicating Samuel Herschel Clauder guilty of possession of marijuana. After revoking his community supervision and adjudicating his guilt, the trial court sentenced Clauder to two years' confinement and imposed a fine of $10,000. Clauder complains that the trial court erred by adjudicating his guilt on the basis of urinalysis evidence that did not satisfy the requirements of Texas Rule of Evidence 702. Because Clauder has failed to preserve his complaint for our review, we affirm the trial court's judgment.

### Procedural Background

Clauder pleaded guilty to the offense of possession of marijuana in an amount of 2,000 pounds or less but more than 50 pounds. The trial court deferred adjudicating his guilt and placed Clauder on community supervision for a period of ten years.

The trial court imposed various conditions of community supervision. One condition required that Clauder abstain from the use or possession of marijuana and provide urine samples as requested to be tested for the presence of marijuana. Alleging that Clauder had subsequently submitted a urine sample that tested positive for THC, the State moved to revoke Clauder's community supervision and sought adjudication of his guilt.

During the hearings on its motion, the State offered evidence that Clauder had been administered and failed a drug test on April 20, 2017, while he was on

community supervision. Clauder's community-supervision officer, Michelle Green, testified that Clauder had reported to her on April 25, 2017. During their meeting, Clauder admitted to Green that he had smoked marijuana. Green also saw Clauder sign a drug history form wherein he admitted to smoking marijuana on April 18, 2017, in Salem, Oregon.[1] Later under cross-examination, Green referenced the fact that Clauder had failed a urinalysis test administered on April 20, 2017.

The trial court admitted into evidence a recording that identified Clauder by name as a guest speaker on the "Marijuana Compassion Common Sense" radio show. During that show, Clauder affirmatively stated that he had informed his community-supervision officer that he had smoked cannabis and would fail a drug test and that he had then failed a drug test on April 20, 2017. The State did not offer into evidence a written report regarding Clauder's urinalysis test or testimony from any person who obtained or tested the sample Clauder provided.

## Point for Review

In his sole point, Clauder complains that the trial court erred by adjudicating his guilt because in seeking to admit evidence of Clauder's urinalysis result, the State

---

[1]Clauder had previously shown another community-supervision officer, Laurel Lambert, a validly issued, but expired, medical-marijuana card. Lambert testified that even if Clauder had permission to travel, the terms and conditions of his Texas community supervision barred him from smoking marijuana in any state that otherwise permitted the smoking of marijuana. Beth Romm, the Assistant Director of the Wichita County Probation Department, verified that a Texas probationer is considered to be bound by the conditions imposed in Texas.

failed to comply with Rule of Evidence 702 and the ruling in *Kelly v. State*, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992). Rule 702 permits a witness who is qualified as an expert by knowledge, skill, experience, training, or education to testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. Tex. R. Evid. 702. In *Kelly*, the Court of Criminal Appeals determined that a proponent of novel scientific evidence is required to prove the relevance of such evidence by clear and convincing evidence before such evidence is admitted for the fact-finder's consideration, subject to a Rule 403 weighing of probative value against prejudicial factors. *See* Tex. R. Evid. 403, 702; *Kelly*, 824 S.W.2d at 573.

The State counters that Clauder has failed to preserve this point of error for our consideration because he did not rely on Rule 702 as the basis for his objection to the urinalysis evidence. In the alternative, the State contends that such error, if any, was harmless because Clauder admitted both publicly and in writing that he had smoked marijuana on April 18, 2017, while he was on community supervision.

### Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). A party must object as soon as the basis for the objection becomes apparent. Tex. R. Evid. 103(a)(1)(A); *see Lackey v.*

4

*State*, 364 S.W.3d 837, 843–44 (Tex. Crim. App. 2012) (discussing policies underlying the timeliness requirement); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant." (citations omitted)). Without objection, Green testified under direct examination by the State that Clauder had admitted that he had smoked marijuana and during cross-examination, Green acknowledged that Clauder had failed his urinalysis test. Clauder did not raise any objection to Green's testimony regarding his urinalysis result; therefore, Clauder has failed to preserve his Rule 702 complaint for our review.

**Harmless Error**

If this issue had been preserved, it is apparent that any error in permitting Green to testify regarding Clauder's urinalysis test results would have been harmless. "A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as whole, has fair assurance that the error did not influence the [fact-finder], or had but a slight effect." *See* Tex. R. App. P. 44.2(b); *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *see also Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). Moreover, the erroneous admission of evidence is cured where the same evidence comes in elsewhere without objection. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003); *see also Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App.1986) ("Inadmissible evidence can be rendered

5

harmless if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove.").

The trial court had before it a recording of Clauder admitting that he had smoked marijuana and had failed his drug test, as well as Clauder's written admission that he had smoked marijuana while on probation. Green's limited testimony regarding Clauder's urinalysis test result added little, if any, weight to the evidence under the trial court's consideration given Clauder's own admissions that he smoked marijuana in violation of the conditions of his community supervision. Under the circumstances, we have a fair assurance that the challenged evidence did not influence the fact-finder or had but slight effect. We overrule Clauder's sole point.

## Conclusion

We affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: April 4, 2019