Opinion filed November 21, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00325-CR
_____

## GREGORY DONALD CANTRELL, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR21410**

## MEMORANDUM OPINION

The trial court convicted Gregory Donald Cantrell of possession of methamphetamine with intent to deliver in a drug-free zone. The trial court assessed Appellant's punishment at confinement for fifty years and sentenced him accordingly. In his sole appellate issue, Appellant contends that he received ineffective assistance of counsel at trial. We affirm.

### Background

Captain Tony Aaron of the Brown County Sheriff's Department received information from a confidential source that Appellant was sending

methamphetamine through the mail from Amarillo, Texas, to Kaye Hudson's residence in Brownwood, Texas. Appellant and Hudson had been a couple for a number of years. In February 2011, Appellant lived at 2500 South Polk, Apartment B, in Amarillo, and Hudson lived at 3201 Stephen F. Austin, No. 114, in Brownwood. Appellant had previously lived with Hudson at her residence, which was a trailer house.

On February 18, 2011, officers intercepted a package that they believed contained illegal drugs. The addresses on the package were handwritten. The return address was 2500 S. Polk, Amarillo, TX 79109. The package was addressed to Hudson at 3201 Stephen F. Austin #114, Brownwood, TX 76801. The package had been mailed from an Amarillo post office on February 16, 2011. A drug dog alerted to the presence of narcotics in the package. The officers did not open the package. The package was delivered to Hudson at her trailer house.

The officers obtained a search warrant for Hudson's residence. The officers arrived at the trailer house to execute the warrant about ten minutes after the package was delivered. When the officers arrived, a car that belonged to Appellant was parked in front of the residence. The officers kicked Hudson's door in and entered the residence. At that time, Hudson was alone in the trailer house. She was in her bed. Hudson had opened the package and removed its contents. The package, a note, two bags that contained a total of 13.11 grams of methamphetamine, and a CD were on the bed with Hudson. During the search, the officers found, among other things, an employee identification card in Appellant's name and with Appellant's picture on it, a notebook with Appellant's Amarillo contact information in it, and items used in connection with the sale of methamphetamine. Hudson told the officers that Appellant sent the package that contained the methamphetamine to her. Hudson testified that Appellant mailed

2

methamphetamine to her on prior occasions and that, on those occasions, Appellant came to Brownwood and sold the methamphetamine.

Investigator Carlyle Gover of the Brown County Sheriff's Department testified that he had compared the writing on the subject package and the note that was found on Hudson's bed with some known handwriting samples of Appellant. Investigator Gover said that he saw some similarities in the writing on the package, the note, and the samples. Mario Salazar, a postal carrier for the United States Post Office, said that he had delivered mail on the route that included Hudson's residence for about twenty years. Based on his delivery of mail to the residence, Salazar knew that Appellant formerly lived at the residence with Hudson. Salazar testified that he was familiar with Appellant's writing because he had seen it on letters that Appellant had sent to Hudson. Salazar said that he recognized Appellant's writing on packages that had been sent from Amarillo to Hudson at her residence because he had "seen [Appellant's writing] for so long."

Investigator Gover testified that he listened in on phone calls that Appellant made while Appellant was in jail. The prosecutor asked Investigator Gover whether he heard anything during the phone calls that indicated Appellant sent the subject package of methamphetamine to Hudson. Investigator Gover responded, "Yes." At that point, Appellant's counsel lodged a hearsay objection to the testimony. Appellant's counsel also objected to admission of the testimony because the State had not provided copies of the recordings of the telephone calls to him. The trial court sustained the objections.

*Issue on Appeal*

Appellant contends that his trial counsel rendered ineffective assistance of counsel by failing to object to the introduction of Investigator Gover's and Salazar's handwriting comparison testimony, failing to move the trial court to strike the handwriting testimony, and failing to move the trial court to strike

Investigator Gover's testimony that related to the jail telephone calls. Appellant asserts that, without the evidence that related to the handwriting and the telephone calls, (1) the testimony of Hudson, who was an accomplice witness, was not sufficiently corroborated to support Appellant's conviction and (2) the remainder of the evidence was legally insufficient to support his conviction. Thus, Appellant argues that, but for his counsel's deficient performance, the result of the trial would have been different.

*Analysis*

To determine whether Appellant's trial counsel rendered ineffective assistance, we must first determine whether Appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland v. Washington*, 466 U.S. 668 (1984); *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005); *Thompson v. State*, 9 S.W.3d 808 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance and prejudice suffered by the defendant. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012). An ineffective-assistance claim must be firmly founded in the record, and the record must affirmatively demonstrate the meritorious nature of the claim. *Id.* Direct appeal is

4

usually an inadequate vehicle for raising such a claim because the record is generally undeveloped. *Id.* at 592–93. This statement is true with regard to the deficient performance prong of the inquiry when counsel's reasons for failing to do something do not appear in the record. *Id.* at 593. Trial counsel should ordinarily be afforded an opportunity to explain his or her actions before being denounced as ineffective. *Id.* If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it. *Id.*

Appellant did not raise his ineffective-assistance claims in a motion for new trial. Thus, his trial counsel has not been afforded an opportunity to respond to his allegations. The record is silent as to why Appellant's trial counsel did not object to the handwriting testimony. Appellant's counsel may have believed that the State could have overcome an objection to the handwriting testimony and that, therefore, an objection would have been futile. Appellant has not shown that the testimony was inadmissible. Rule 701 of the Texas Rules of Evidence provides that a lay witness may testify as to an opinion that is rationally based on his or her perception if the opinion is helpful to a clear understanding of the witness's testimony or the determination of a fact in issue. TEX. R. EVID. 701. Lay opinion testimony is admissible on many subjects, including handwriting. *Denham v. State*, 574 S.W.2d 129, 131 (Tex. Crim. App. 1978); *Orsag v. State*, 312 S.W.3d 105, 118 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Trial counsel is not ineffective for failing to make futile objections. *Ex parte White*, 160 S.W.3d 46, 53 (Tex. Crim. App. 2004).

The record is also silent as to why Appellant's trial counsel did not move the trial court to strike Investigator Gover's testimony about the jail telephone calls. The trial court sustained Appellant's objections to the testimony. In a bench trial, a trial court, in its role as factfinder, is presumed to disregard matters that, in its role

5

as legal arbiter, it deemed inadmissible. *Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012); *Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App. 2004). Based on this presumption, it was reasonable for Appellant's trial counsel not to move the trial court to strike the testimony.

Because the record contains no evidence of the reasoning behind trial counsel's actions, we cannot conclude that counsel's performance was deficient. *Menefield*, 363 S.W.3d at 593. Thus, Appellant has failed to overcome the presumption that trial counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Green v. State*, 191 S.W.3d 888, 894–95 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

Additionally, even if trial counsel's performance had been deficient, we could not conclude on this record that a reasonable probability exists that the result of the trial would have been different but for counsel's errors. To support a conviction based upon the testimony of an accomplice, such as Hudson, there must be corroborating non-accomplice evidence that tends to connect the accused to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005); *Smith v. State*, 332 S.W.3d 425, 439 (Tex. Crim. App. 2011). In this case, the State presented ample non-accomplice evidence that tended to connect Appellant to the commission of the offense. Excluding the testimony related to handwriting and jail telephone calls from our consideration, the remainder of the evidence presented a strong case for Appellant's guilt and was legally sufficient to support the conviction. Appellant has not demonstrated that, but for his trial counsel's alleged errors, there is a reasonable probability that the result of the proceeding would have been different. Appellant's sole issue on appeal is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

November 21, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.