**AFFIRM; and Opinion Filed February 19, 2014.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

No. 05-13-00088-CR
No. 05-13-00089-CR

**EDUARDO ENRIQUE ALFARO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 401-82025-2011 and 401-82026-2011**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Lewis
Opinion by Justice Lewis

Appellant Eduardo Enrique Alfaro was charged in two separate causes with continuous sexual abuse of a child, aggravated sexual assault of a child, sexual assault of a child, and indecency with a child. Appellant pleaded not guilty and a jury found him guilty as charged. In cause no. 401-82025-2011, the trial court assessed punishment at fifty years imprisonment on the offense of continuous sexual abuse of a child, and forty years imprisonment on the offense of aggravated sexual assault of a child. In cause no. 401-82026-2011, the trial court assessed punishment at forty years imprisonment on the offense of sexual assault of a child, and twenty years imprisonment on the offense of indecency with a child. The trial court ordered that the sentences run concurrently. In two issues on appeal, appellant contends the trial court erred in denying his objections to improper expert testimony and improper bolstering testimony.

The background of the case and the evidence are well known to the parties, and we therefore limit recitation of the facts. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the judgments of the trial court.

## STANDARD OF REVIEW

We review a trial court's decision to admit or exclude expert testimony for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). A trial court does not abuse its discretion if its decision is within the zone of reasonable disagreement. *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *Sexton v. State*, 93 S.W.3d 96, 99 (Tex. Crim. App. 2002).

## EXPERT TESTIMONY

In his first issue, appellant argues the trial court erred in overruling his objection to the expert testimony of Lisa Martinez as improper testimony concerning the truthfulness of a class of people. In determining whether expert testimony should be admitted, the trial court is guided by Rule 702 of the Texas Rules of Evidence. TEX. R. EVID. 702. Expert testimony is admissible if it assists "the trier of fact to understand the evidence or to determine a fact in issue." *Id*. However, expert testimony does not assist the jury if it constitutes "a direct opinion on the truthfulness" of a child victim's allegations. *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993) (testimony regarding an opinion of truthfulness does more than assist the trier of fact to understand the evidence or to determine a fact in issue; it *decides* an issue *for* the jury). An expert may testify that the witness exhibits symptoms consistent with sexual abuse, but not that a witness is truthful. *Cohn v. State*, 849 S.W.2d 817, 818–19 (Tex. Crim. App. 1993).

–2–

After complainant's outcry, her mother took her to the police. Complainant was then interviewed by Martinez, a forensic interviewer for Children's Advocacy Center of Collin County (CAC). At trial, Martinez described the forensic interview process utilized at CAC to interview victims. Martinez also testified regarding general characteristics associated with victims, including reasons why it is so difficult for some victims to make an outcry, and why some victims wait so long to make an outcry. Appellant complains about the following testimony:

| | |
|---|---|
| State: | I want to talk to you about a number of things that you talked about. You said that sometimes you feel guiltier and guiltier because you didn't tell. Why is that? |
| Martinez: | Well, at first sometimes kids don't realize - - if they're pretty young kids they don't realize what they did was wrong, or they don't real [sic] what the perpetrator was doing is wrong. It's just something - - |
| Defense: | Your Honor, I'm going to have to object to speculation. She doesn't know what kids realize. |
| State: | I think she does. |
| Court: | Yeah, overruled, counsel. |
| Martinez: | So sometimes they just don't realize what they do is wrong because they're so young. And when you have a parent figure doing something that's not okay to them, it kind of skews their view because they don't know what's right and what's wrong. What you learn as an adult of what's normal and what's not normal is a lot of times what you learn as a parent. Especially in Hispanic households, you know, we are taught you listen to your parents no matter what. You listen to adults. You respect adults. What they say goes. So if this adult is doing these things to you that feel kind of weird or you don't know, you know, head or tails about it, a lot of the times they're not going to tell right away. After that when you realize that they're not telling either or that it might be wrong or something, it gets kind of harder and harder to tell as time goes on, because you should have told at the beginning and then you start feeling more of the shame and guilt and that it's your fault. |

State: In your experience with the interviews that you've conducted, do you find that it's harder for children who waited, who didn't tell right away?

Martinez: Yes.

Defense: Objection. I'd like to object under Rule 702. We're talking about classes of people. In 1500 people she's interviewed children will sometimes do this. Under Rule 702 there's case law that says that that kind of testimony will not assist the trier of fact to come up with a solution, and it's excludable under Rule 702 and we would object to that, Judge. Anything talking about classes of people or generalities where she's actually testifying that ultimately are going to make more specific testimony.

Court: Y'all approach, counsel.

(At the Bench, on the record)

Court: Let me see what you've got because unfortunately I only have an '09 book.

Defense: Judge, this is a head note but it basically says an expert who testifies that a class of persons to which the victim belongs is truthful is essentially telling the jury that they can believe the victim in the incident case as well. *Yount v. State*, 872 S.W.2d 706 pretty much indicated that's not expert testimony.

State: I don't recall asking her if the victim's truthful. I didn't ask if the victim's been truthful. I didn't intend to ask that either.

Defense: I'm fearful, Judge, that we're crossing a line. What will happen is we're establishing testimony about classes of people. Young children can do this. Young children can do that. And then we're going to get more specific and then that is when that class testimony comes in and helps a jury to form an opinion that she's an expert.

State: The key word in that is truthful, and I'm not going to ask her if she believes a child's been truthful.

Court: I'm going to overrule the objection, counsel, based on the question I heard. Go ahead, counsel.

On appeal, appellant contends that Martinez's testimony was an inadmissible opinion on the truthfulness of the complainant. Appellant argues that by testifying that Hispanic children would

–4–

naturally be submissive to a parental figure, Martinez was implicitly testifying that complainant's delayed outcry was truthful. Appellant asserts that "in effect, Martinez testified that the complainant's delayed outcry could be believed because she was a Hispanic child."

The State responds that appellant's first issue is not properly before this Court because appellant did not make a timely trial objection. The State points out that appellant waited until the next question was asked and answered before making an objection. Citing *Dinkins v. State* and *Girndt v. State*, the State argues that appellant's objection was untimely and error was waived. *See Dinkins v. State*, 894 S.W.2d 330, 354–55 (Tex. Crim. App. 1995) ("If [a defendant] fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived."); *Girndt v. State*, 623 S.W.2d 930, 934–35 (Tex. Crim. App. 1981) ("The well established law of this State has long been that after a question is asked and answered by a witness without objection, with no claim that there was any misunderstanding, or without any reason shown for not objecting before the answer was given, the refusal of the trial court to withdraw the answer from the jury or instruct the jury not to consider the answer is not error.").

Appellant contends his trial counsel waited to object until Martinez offered her "inadmissible conclusion" in response to the next question. Citing *Acevedo v. State*, Appellant argues that an objection to an expert's testimony lodged after that expert's testimony "solidified" is sufficient to properly preserve error for appeal. *See Acevedo v. State*, 255 S.W.3d 162, 167–69 (Tex. App.—San Antonio 2008, pet. ref'd). However, *Acevedo* is distinguishable from the case before this Court. In *Acevedo*, the defendant objected to the reliability of the expert's testimony in its entirety after cross-examination revealed that the expert had no underlying facts and data to support his testimony. *See id*. at 168. Because this complete absence of underlying facts and data was only made known during cross-examination, the *Acevedo* Court concluded that an

objection following cross-examination was timely. *Id.* Here, however, appellant is not objecting to all of Martinez's testimony; he is objecting to one specific statement in Martinez's lengthy testimony.

To preserve a complaint for appellate review, a specific and timely request, objection, or motion must be made to the trial court. TEX. R. APP. P. 33.1(a); *see Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012); *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008). The objection is timely only if the party makes the objection as soon as the grounds for it become apparent. *Lackey*, 364 S.W.3d at 843. "Typically this means 'as soon as the [objecting party] knows or should know that an error has occurred.'" *Id.* (quoting *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)). In his appellate brief, appellant clarifies that he specifically objects to Martinez's statement "[e]specially in Hispanic households, you know, we are taught you listen to your parents no matter what" as being testimony that complainant's delayed outcry could be believed because she was a Hispanic child. However, during trial, appellant's trial counsel did not object during or at the conclusion of Martinez's statement about Hispanic households. Instead, the record reflects that Martinez's testimony continued for five more sentences. The State then asked Martinez another question, without an objection from defense counsel, and Martinez answered. Only after Martinez completed her answer to the second question did appellant's trial counsel object to Martinez's testimony as being testimony that would not assist the trier of fact under rule 702. We conclude appellant's objection was not timely. *Lackey*, 364 S.W.3d at 843.

Even if defense counsel had timely objected to Martinez's statement regarding Hispanic households, the trial court did not abuse its discretion in overruling the objection. Appellant relies on *Yount v. State*, 872 S.W.2d 706 (Tex. Crim. App. 1993) and *Wilson v. State*, 90 S.W.3d 391 (Tex. App.—Dallas 2002, no pet.) to support his argument that Martinez's statement about

Hispanic households was a comment on the complainant's truthfulness. However, in both the *Yount* and *Wilson* cases, the State attempted to elicit specific expert testimony that child victims as a class rarely lie about being sexually assaulted. *See Yount*, 872 S.W.2d at 707–08; *Wilson*, 90 S.W.3d at 393. The reviewing courts concluded such expert testimony did not aid, but supplanted, the jury in its decision on whether the child complainant was credible. *See Yount*, 872 S.W.2d at 711–12; *Wilson*, 90 S.W.3d at 393. In the case before this Court, appellant concedes Martinez never specifically said the word "truthful." Indeed, the record reflects the State did not ask, and Martinez did not testify, if she thought the complainant, or the class of Hispanic children, was truthful. Testimony that Hispanic children are taught to listen to their parents is not equivalent to opinion testimony stating that because the child complainant was Hispanic, she was telling the truth. Expert testimony that provides useful information to aid the jury in evaluating the testimony of another witness is admissible. *Burke v. State*, 371 S.W.3d 252, 259 (Tex. App.—Houston [1st Dist.] 2011, pet. dism'd); *Bryant v. State*, 340 S.W.3d 1, 11 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We conclude the trial court did not abuse its discretion when it overruled appellant's objection. We overrule appellant's first issue.

## BOLSTERING

In his second issue, appellant complains that the trial court erred in overruling his objection that testimony by Dr. Kathleen Lang was improper bolstering. Lang is a medical doctor who works at the REACH Clinic at Children's Medical Center in Dallas, Texas. The REACH Clinic performs sexual assault forensic exams when a child is referred to the clinic with a recent disclosure of sexual abuse. Lang testified that a verbal history is obtained from the parents or the child. According to Lang, the child is then given a regular physical exam and a genital exam. Lang testified that the verbal history dictates what types of testing the clinic will do, i.e., testing for sexually transmitted diseases. Lang then testified, without objection, that the

complainant was given a medical exam and a genital exam. Appellant initially asserts Lang's testimony that a genital exam was necessary is improper bolstering. However, the record clearly reflects that at trial, defense counsel did not object to this portion of Lang's testimony. Later in his brief, appellant contends Lang's testimony that additional testing was necessary based on complainant's verbal history improperly bolstered complainant's credibility. According to the record, the trial court sustained defense counsel's hearsay objection but overruled his improper bolstering objection as follows:

| State: | Was a verbal history taken of [I.L.]? |
|---|---|
| Lang: | There was. |
| State: | Was she able to describe what had happened to her? |
| Lang: | Yes, she was. |
| State: | Was she able to describe who assaulted her? |
| Lang: | Yes, she was. |
| State: | If you would, could you tell me what her verbal history was? |
| Lang: | She stated that - - |
| Defense #1: | Objection, Your Honor, hearsay. |
| Court: | Sustained, counsel. |
| Lang: | She stated that it was the - - |
| Defense #1: | Objection. |
| Court: | Approach, counsel. |

(At the Bench, on the record)

Court:    I've even got us a mike over here today. Here's why I sustained the objection. The case law indicates you're not entitled to general reading of the case history but you can - - she's allowed to tell you the case history necessary to show what her exam showed that's connected to that.

–8–

State:          Okay.

Defense #2:     Judge, may I ask a question on that?

Court:          Yes, sir.

Defense #2:     Any question that would get her to elicit some kind of a hearsay statement against Eduardo, I don't know if that statement necessarily gets out of a hearsay objection for purposes of medical diagnosis, because you're not trying to make a medical diagnosis as far as anything she may be complaining about. She's just there to see if - - to do an examination to see if there's evidence of sexual - -

Court:          Yeah, but what I'm saying is if she has findings, then she's allowed to indicate what parts of the verbal history coincide with that finding.

Defense #2:     That's fair enough.

Defense #1:     It does bolster the testimony of the complaining witness though. It's bolstering.

Court:          Well, I'll overrule that one. I mean, the case law I think is pretty clear of what you can and can't do. You can't just generally get up and have her read it, okay.

(Bench conference concluded)

State:          Dr. Lang, based on the verbal history, were there parts of [I.L.] that needed to be checked?

Lang:           Yes

State:          What parts needed to be checked?

Lang:           She would require a full exam where we would basically make sure there was (sic) no sores in her mouth or anything of that sort in addition to the normal exam and also we'll check her genital area.

Appellant argues that Lang's testimony was improper bolstering because it implied that Lang believed the complainant's story; otherwise, Lang would not have ordered additional testing. Appellant further argues that by implicitly testifying that she believed complainant, Lang enhanced the complainant's credibility before the jury. The State contends this issue is not

–9–

properly before the Court because the objection was sustained on hearsay grounds and appellant never secured an adverse ruling. The State also argues that appellant did not preserve this issue for appeal because appellant did not object when the same evidence was subsequently admitted.

In order to preserve error in admitting evidence, defense counsel was required to make a proper objection and get a ruling on that objection, which he did. TEX. R. APP. P. 33.1; s*ee also Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004); *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). In addition, defense counsel was required to object each time the inadmissible evidence was offered or obtain a running objection. *Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509. "An error [if any] in the admission of evidence is cured where the same evidence comes in elsewhere without objection." *Lane*, 151 S.W.3d at 193; *see also Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) ("Our rule . . . is that overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling."). In the present case, after the trial court overruled defense counsel's bolstering objection, defense counsel failed to object when Lang was asked and answered a number of questions regarding the medical and genital examination of complainant, and other medical testing performed as part of the examination. Any error in the admission of the objected-to testimony was therefore cured. *Lane*, 151 S.W.3d at 193; *Valle*, 109 S.W.3d at 509–10. Appellant's second issue is overruled.

**CONCLUSION**

Having overruled appellant's issues, we affirm the trial court's judgments.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130088F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDUARDO ENRIQUE ALFARO,
Appellant

No. 05-13-00088-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82025-2011.
Opinion delivered by Justice Lewis.
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of February, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EDUARDO ENRIQUE ALFARO,
Appellant

No. 05-13-00089-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82026-2011.
Opinion delivered by Justice Lewis.
Justices FitzGerald and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of February, 2014.

/David Lewis/

DAVID LEWIS
JUSTICE