

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00075-CR

**AARON MICHAEL FRANKS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the County Court
Deaf Smith County, Texas
Trial Court No. 2017-0010, Honorable D.J. Wagner, Presiding

March 20, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant, Aaron Michael Franks, was charged with and convicted of misdemeanor driving while intoxicated (DWI). *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2018). Appellant having been previously convicted of DWI once, his current offense was punishable as a Class A misdemeanor, as opposed to a Class B misdemeanor. *See id.* § 49.09(a). The sole issue before us concerns the reading of the enhancement paragraph (elevating the offense to a Class A misdemeanor) prior to the beginning of the guilt-innocence phase of the jury trial and in the presence of the jury. By the State doing so, it

allegedly interjected evidence of a prior conviction in violation of article 36.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 36.01(a)(1) (West 2007) ("When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."). We affirm.

Complaints regarding the admission of evidence must be preserved for review. This is done by a timely objection or motion that states the ground for the ruling with sufficient specificity to apprise the trial court of the complaint. *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015); *Carter v. State*, 463 S.W.3d 218, 227 (Tex. App.—Amarillo 2015, no pet.). An objection is timely when made as soon as the need for one becomes apparent. *Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012); *Aguilar v. State*, 26 S.W.3d 901, 905–906 (Tex. Crim. App. 2000) (en banc). Moreover, the objection urged at trial must comport with the issue raised on appeal. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). Should the appellant fail to satisfy any of these requirements, then his complaint is lost.

Here, the record reflects that appellant filed a motion in limine prior to trial, which motion dealt with the admission of evidence concerning prior convictions. Yet, such a motion does not preserve error. *See Roberts v. State,* 220 S.W.3d 521, 533 (Tex. Crim. App. 2007); *Jimenez v. State*, No. 07-13-00347-CR, 2014 Tex. App. LEXIS 7820, at *5 (Tex. App.—Amarillo July 17, 2014, no pet.) (mem. op., not designated for publication). So, it remained incumbent upon appellant to timely object at trial.

Yet, no objection was voiced until after the prosecutor read the enhancement paragraph before the jury, the trial court asked appellant how he pled to it, and appellant responded "true." Delaying his objection until those circumstances occurred is problematic. Generally, "if a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds;" otherwise the alleged error is waived. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995) (en banc); *Rigo v. State*, No. 07-14-00088-CR, 2015 Tex. App. LEXIS 11213, at *4–5 (Tex. App.— Amarillo Oct. 29, 2015, no pet.) (mem. op., not designated for publication). Appellant not only had been asked but also answered the question about his prior conviction before objecting. Additionally, he proffered neither to the trial court nor us any explanation as to why he waited to complain. *See Rigo,* 2015 Tex. App. LEXIS 11213, at *4-5 (observing that an objection made after the witness answers may preserve error if an acceptable reason exists for not objecting earlier). Thus, his objection was untimely.

As for the objection eventually uttered, it apparently concerned the admission of *additional* evidence depicting the conviction, not whether evidence of the conviction was admissible in the first place. Indeed, appellant sought to exclude the additional information because it was "surplusage" and "repetitious." Thus, the objection urged below does not comport with the issue broached on appeal.

Finally, the complaint broached here was mentioned at a hearing upon appellant's motion for new trial. It was there that he first alluded to article 36.01 of the Code of Criminal Procedure and its restriction against admitting the prior conviction during the guilt-innocence phase of the trial. He explained that it had long been the law that prior convictions utilized only for purposes of enhancing punishment were admissible only

during the punishment phase. In so arguing, however, he effectively established that the basis for his complaint existed when the evidence of his earlier DWI was initially revealed to the jury. Thus, the need and grounds for an objection were apparent at that time and delaying mention of the ground until the trial court held a hearing on his motion for new trial was untimely. *See Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (where objection to the evidence was first raised via motions for a directed verdict and new trial, holding that the objection was untimely and failed to preserve the ground for review); *accord Courson v. State*, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005, no pet.) (holding the same after observing that "Appellant was well aware at the time the State elicited testimony regarding Morgan's hearsay statements of his right to confront witnesses against him as well as the necessity of objecting at trial to the admission of these statements without his having had the opportunity to examine Morgan regarding the statements").

In sum, appellant failed to preserve for review his current complaint. Consequently, we overrule it and affirm the trial court's judgment.


                                                          Brian Quinn
                                                          Chief Justice


Do not publish.

4