

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1596-12

### JAMES GARZA, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**PRICE, J., filed a concurring opinion in which WOMACK, J., joined.**

### CONCURRING OPINION

I join the Court's opinion without reluctance or hesitation—but then, I was among the

majority in *Ex parte Maxwell*.[1]   I readily agree with the Court today that *Maxwell* held, if

only by necessary implication, that an Eighth Amendment claim predicated on *Miller v.*

*Alabama*,[2] that a mandatory sentence of life without parole cannot be imposed upon a

---

[1]

  424 S.W.3d 66 (Tex. Crim. App. 2014).

[2]

  132 S.Ct. 2455 (2012).

juvenile offender, cannot be forfeited at the trial court level.[3] I write further to explain why I think that the implied holding in *Maxwell* is the correct one.

## I.

In the context of direct appeals, we have declared it to be a "systemic" requirement that courts of appeals address every potential issue of procedural default that might arise on direct appeal, at least before it may *grant* appellate relief.[4] Should it be demonstrated that a court of appeals has failed to do so, this Court will either remand the cause for such further proceedings or, in rare cases where the answer to the procedural default issue is evident, we will resolve it ourselves.[5] Of course, we ourselves have no such backstop when it comes to post-conviction habeas corpus proceedings brought pursuant to Article 11.07,[6] in which we are the court of return.[7] In that capacity, we are the ultimate arbiter of the facts and the law, with the power to grant or deny relief as we deem appropriate. When we resolve an

---

[3] Although Maxwell failed to raise his *Miller* claim at the trial court level, 424 S.W.3d at 68, we nevertheless granted him relief in his post-conviction habeas corpus application in the form of a remand for the kind of hearing that *Miller* dictates, having declared such a claim to have retroactive effect even on collateral attack, without expressly addressing why habeas relief was appropriate notwithstanding Maxwell's failure to invoke *Miller* in the trial court. *Id.* at 76.

[4] *E.g.*, *Lackey v. State*, 364 S.W.3d 837, 845 n.28 (Tex. Crim. App. 2012).

[5] *E.g.*, *Haley v. State*, 173 S.W.3d 510, 515-17 (Tex. Crim. App. 2005).

[6] Tex. Code Crim. Proc. art. 11.07.

[7] *E.g.*, *Ex parte Reed*, 271 S.W.3d 698, 754 (Tex. Crim. App. 2008) (Price, J., concurring).

application for writ of habeas corpus—at least one that we have filed and set for submission and resolved in the applicant's favor, as we did in *Maxwell*—it should be presumed that we resolved every issue necessary to final disposition of the writ application before we granted relief, including issues of procedural default. Because we granted habeas corpus relief in *Maxwell*, despite the lack of a trial objection, it must be presumed that we necessarily held, however implicitly, that a violation of the Eighth Amendment as recognized in *Miller* was not subject to procedural default by inaction—it simply cannot be forfeited.

## II.

And with good reason. In *Maxwell*, we canvassed the various jurisdictions that have addressed the question of the retroactivity of the Supreme Court's holding in *Miller* and then opted to join those that have held it to be, indeed, fully retroactive. To that end, we concluded that *Miller* announced a substantive limitation upon a state's ability to impose a certain punishment upon a certain class of offender; or, put another way, we deemed *Miller*'s rule to be "categorical because it completely removes a particular punishment from the list of punishments that can be constitutionally imposed, that of mandatory life without parole."[8] It is precisely this kind of substantive and categorical limitation upon state power that typically triggers the so-called "absolute requirement or prohibition" classification, which *Marin v. State* recognizes to be immune from procedural default because it vindicates a

---

[8] *Maxwell*, 424 S.W.3d at 74.

broader societal interest and is therefore essentially not optional with the parties.[9] While we did not *expressly* address the question in *Maxwell* of whether a *Miller* claim is subject to forfeiture by inaction, the reasons we gave for declaring it retroactive nonetheless amply justify placing a violation of *Miller at least* within the class of claims that probably cannot even be affirmatively *waived* (although I agree we need not decide that issue today). Indeed, the hard issue that *Maxwell* presented was whether a *Miller* claim genuinely invokes the kind of substantive and categorical Eighth Amendment prohibition that justifies fully retroactive treatment. Once the majority decided that issue in Maxwell's favor, the incremental step from our conclusion that *Miller* is substantive and categorical for retroactivity purposes, to the conclusion that it occupies one of the non-forfeiture classifications for purposes of a procedural default analysis under *Marin*, seems so obvious that, to a certain extent, the Court can be excused for failing to decide the question overtly in *Maxwell* itself.

FILED:     June 11, 2014
PUBLISH

---

[9] *See* 851 S.W.2d 275, 279-80 (Tex. Crim. App. 1993) ("Of course, the system also includes a number of requirements and prohibitions which are essentially independent of the litigants' wishes. * * * [A]bsolute requirements and prohibitions, like rights which are waivable only, are to be observed even without partisan request. But unlike waivable rights, they can't lawfully be avoided even with partisan consent.").