

IN THE
TENTH COURT OF APPEALS

No. 10-17-00347-CR

TREVEON DEON WILLIAMS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 278th District Court
Walker County, Texas
Trial Court No. 27685

MEMORANDUM OPINION

Treveon Williams appeals from a conviction for murder. TEX. PENAL CODE ANN. § 19.02. Williams complains that the trial court abused its discretion in the admission of a video pursuant to Rule of Evidence 403, in admitting evidence of an extraneous offense pursuant to Rule of Evidence 404(b), in allowing the State to improperly comment during its closing argument, and erred by denying his motion for new trial based on juror

misconduct for failing to disclose information during voir dire. Because we find no reversible error, we affirm the judgment of the trial court.

## RULE 403

In his first issue, Williams contends that the trial court erred during the guilt-innocence phase of the trial by admitting a video recording over his objection that the probative value was outweighed by the prejudicial effect. *See* TEX. R. EVID. 403. An officer testified that he arrived at the scene after the shooting in response to a 911 call. Approximately ten minutes of a video recorded by the officer's vehicle was offered in evidence. Williams objected to the recording under rule 403, but the trial court overruled the objection and allowed the State to publish the video to the jury. The video part of the recording shows the officer driving to and arriving at the scene. Some people are seen on the recording, but not the victim or the officer. The audio part of the recording evidences the efforts made by the officer to revive the victim and the victim's efforts to breathe can be heard in the background. Williams objected to the video on grounds that there was no dispute as to the cause of death and therefore, it was not relevant to a disputed fact. Additionally, Williams contended that the relevance of the video was outweighed by the risk of unfair prejudice. The trial court overruled his objection and admitted the video into evidence.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016). The trial court

abuses its discretion when the decision falls outside the zone of reasonable disagreement. *Id.* We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

Rule 403 of the Texas Rules of Evidence allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403. Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007).

When undertaking a Rule 403 analysis, a trial court must balance (i) the inherent probative force of the proffered item of evidence along with (ii) the proponent's need for that evidence against (iii) any tendency of the evidence to suggest decision on an improper basis, (iv) any tendency of the evidence to confuse or distract the jury from the main issues, (v) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (vi) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gonzalez v. State*, 544 S.W.3d 363, 372 (Tex. Crim. App. 2018).

The probative force of evidence refers to how strongly it serves to make the existence of a fact of consequence more or less probable. *Gigliobianco v. State*, 210 S.W.3d

637, 641 (Tex. Crim. App. 2006). The State contends that the audio portion of the recording was probative to dispute Williams's self-defense claims because it showed that the victim was unable to continue the altercation that led to the shooting because he was fighting for his life. The State also contends that the evidence was probative to show that Williams fled with the murder weapon after he shot the victim rather than to attempt to assist him which establishes Williams's intent to kill the victim. The State argues that the audio recording also corroborates the testimony of the officer regarding his actions at the scene. Further, the State contends that because the officer had already described the victim's condition to the jury, the jury would not have been excessively emotionally impacted by the audio portion of the recording.

The probative value of the video recording was not great nor was it significant in the jury's determination of self-defense. On the other hand, at the time the recording was admitted, the officer was the only witness that had testified. Prior to the admission of the recording, the officer had described the condition of the victim in a fair amount of detail, and the audio recording did corroborate his testimony regarding the severity of the victim's condition and the actions he took to attempt to save him.

Certainly the recording was prejudicial to Williams. However, Rule 403 is only concerned with "unfair" prejudice. *Gonzalez*, 544 S.W.3d at 373. Evidence is unfairly prejudicial if it has the capacity to lure the fact-finder into declaring guilt on a different basis from proof specific to the offense charged. *Id*. While this evidence was somewhat

graphic, the graphic portion of it was brief in time and was no less graphic than the officer's description or the autopsy photographs which were later admitted into evidence that showed the deceased victim and his injuries in great visual detail. We do not find that the audio portion of the video recording would have led the jury to make their decision on an improper basis, confused or distracted the jury, or that it tended to cause the jury to give the evidence undue weight. The record supports the trial court's conclusion that the probative value of the video was not substantially outweighed by the danger of unfair prejudice. We conclude the trial court's decision to admit the video was within the zone of reasonable disagreement and was not an abuse of discretion. We overrule Williams's first issue.

**RULE 404(B)**

In his second issue, Williams complains that the trial court erred by admitting evidence of an extraneous offense pursuant to Rule of Evidence 404(b). A friend of Williams's who was the sister of the victim's girlfriend testified that she had seen Williams with the gun used to shoot the victim previously "showing it around." Williams objected, claiming that the testimony was evidence of an extraneous offense, unlawfully carrying a weapon.

After having the witness who saw the shooting describe what occurred, the following exchange occurred:

STATE: And had you ever seen that gun before?

WITNESS:    Yes.

STATE:    Where?

WITNESS:    By him showing it around.

STATE:    He showed it to you?

WITNESS:    Yes.

STATE:    The Defendant?

WITNESS:    Yes.

COUNSEL FOR WILLIAMS:    Your Honor, objection. May we approach?

An objection is timely if it is made as soon as the ground for the objection becomes apparent, in other words, as soon as the defense knows or should know that an error has occurred. *Neal v. State*, 256 S.W.3d 264, 279 (Tex. Crim. App. 2008). Generally, this occurs when the evidence is admitted. *Dinkins v. State*, 894 S.W.2d 330, 355 (Tex. Crim. App. 1995). If a party fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived. *Id.* Williams did not make an objection to the testimony until after the answers that the gun was shown around by Williams. It is apparent from the discussion at the bench that took place after Williams's objection that this testimony was the subject of a motion in limine and the parties were aware that this evidence was sought to be introduced by the State. The objection by Williams was not timely made, and therefore, error was not preserved. We overrule issue two.

**IMPROPER JURY ARGUMENT**

In his third issue, Williams complains that the trial court erred by overruling his objection to improper argument by the State because it added facts that were not in the record relating to the veracity of Williams's friend who was with him at the time of the shooting. After describing Williams's gang membership in the Bloods, the prosecutor stated:

> The only thing you have is [the witness], who miraculously remembered something he hasn't remembered in almost two years, when he took the witness stand the other day. I don't think his dad hit him in the head with a magic crowbar. I don't think that's the way this works. You don't magically remember things that you didn't remember before you had a brain injury. You know why? Because he made it up. He's a liar. I think from the minute I served him with a subpoena and I asked him those questions that I asked him again the other day, is everything you told the police the truth? Is there anything else that I need to know? He said yes, that he had told the police the truth, and he told me there was nothing else that I needed to know. He shook my hand and we said goodbye.

> COUNSEL FOR WILLIAMS:    Judge I'm going to object to him testifying to things that aren't in evidence.

The trial court overruled Williams's objection. On appeal, Williams complains that the prosecutor improperly included his personal opinion that the witness was "a liar" and that the other comments constituted matters outside the record. To the degree that Williams is complaining regarding the prosecutor referring to the witness as "a liar," we find that his objection was not timely because it was not made immediately when the prosecutor said it. Under Texas Rules of Appellate Procedure Rule 33.1(a)(1), a complaint must be made to the trial court by a timely request, objection, or motion. TEX. R. APP. P.

33.1(a)(1); *Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012). The requirement of a timely complaint at trial is satisfied "if the party makes the complaint as soon as the grounds for it become apparent." *Lackey*, 364 S.W.3d at 843. Typically this means "as soon as the [objecting party] knows or should have known that an error occurred." *Id*. Therefore, the portion of Williams's argument that the prosecutor improperly stated his opinion of the veracity of the witness was not preserved.

Williams does not specify in his brief what part of the prosecutor's statements in the above section is outside of the record. Our review of the record shows that the only part of the statement not found or alluded to in the record was that the witness and the prosecutor shook hands and said goodbye after they spoke with each other. In the record there is evidence that the witness had been hit in the head with a crowbar by his father approximately a month before trial which resulted in some memory loss; the witness and the prosecutor had spoken prior to the trial about what occurred; the prosecutor had subpoenaed the witness; the prosecutor attempted to show that the witness's testimony regarding things he had never mentioned prior to testifying at the trial were not credible and likely false; and the witness agreed that he had told the prosecutor that he had told the police the truth and that there was nothing else the prosecutor needed to know.

Even if we were to find that the trial court erred in overruling Williams's objection to the prosecutor's remark regarding shaking hands and saying goodbye that was outside the record, we determine that any error was harmless. Improper argument is non-

constitutional error. *Brown v. State*, 270 S.W.3d 564, 572 (Tex. Crim. App. 2008). Texas Rules of Appellate Procedure Rule 44.2(b), which governs the harm analysis for non-constitutional error, provides that any "error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." TEX. R. APP. P. 44.2(b). Determining harm under that standard in improper argument cases requires balancing the following three factors: (1) severity of the misconduct (prejudicial effect); (2) curative measures; and (3) the certainty of conviction absent the misconduct. *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Although no curative measures were made, the statement was not prejudicial and the statement did not impact the certainty of the conviction. We overrule issue three.

**JUROR MISCONDUCT**

In his fourth issue, Williams complains that the trial court erred by denying his motion for new trial based on juror misconduct. After the trial, Williams discovered that the father of the foreperson of the jury was a former investigator of the district attorney's office that prosecuted him. Williams complains that the juror failed to disclose her father's former involvement in law enforcement, which precluded him from intelligently exercising his peremptory challenges and denied him a fair trial.

During voir dire, counsel for Williams asked the panel: "How about anybody here in law enforcement, besides [prospective juror]? What do you do, sir?" The individual answered that he was a state police officer. Counsel for Williams asked the prospective

juror if his occupation would "kind of put the State a little bit ahead … in your thoughts?" to which the prospective juror answered, "No." Counsel for Williams then asked the following:

> Okay, anybody else over here, first row, second row, law enforcement, third row, fourth, fifth? Did I miss anybody?
>
> And the last question that I ask. You know, there are some people that think law enforcement—and again, I've had this come up before. You know what, I'm going to believe a police officer over somebody else. All my buddies are police officers. That's the way I feel. I've had police officers also to come up here and say I have buddies that are police officers, and I know that I don't believe in them over other people, so it can go both ways. Is there anybody here that thinks that they would believe the testimony of a law enforcement officer just a little bit more than anybody else?

In response to this question, two prospective jurors mentioned that because they had relatives that were in law enforcement, their decision would be affected in response to Williams's counsel's question. No further questions were asked of the jury panel about law enforcement connections.

At the motion for new trial hearing, the State objected to the testimony of the foreperson pursuant to Rule 606 of the Rules of Evidence and the trial court sustained the objection. Williams was allowed to call the foreperson to testify in order to make an offer of proof for appellate purposes. In that testimony, the foreperson testified that she raised her hand in response to the question, "Do you know someone in law enforcement?" although she did not recall the specific question that had been asked. The witness's recollection was that no further questions were asked of the prospective jurors that raised

their hands.  At the end of the motion for new trial hearing, appellate counsel for Williams conceded that the panel was never specifically asked about relatives in law enforcement during voir dire but still contended that the relationship should have been disclosed by the foreperson in order for him to receive a fair trial.

"The voir dire process is designed to insure, to the fullest extent possible, that an intelligent, alert, disinterested, impartial, and truthful jury will perform the duty assigned to it." *Armstrong v. State*, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995) (per curiam).  When a juror withholds material information in the voir dire process, the parties are denied the opportunity to intelligently exercise their challenges and obtain a disinterested and impartial jury.  *Armstrong*, 897 S.W.2d at 363.  However, in that process, it is incumbent upon defense counsel to ask questions calculated to bring out information that might indicate a juror's inability to be impartial and truthful.  *Armstrong*, 897 S.W.2d at 363-64. Unless defense counsel asks such questions, the material information that the juror fails to disclose is not "withheld." *Id*. at 364.

Even if we were to assume that the trial court erroneously sustained the State's objection to allow the foreperson to testify pursuant to Rule of Evidence 606 and were to consider the foreperson's testimony, because Williams did not ask the jurors if they were related to anyone in law enforcement, the information was not "withheld," and Williams was not denied a fair and impartial jury on this basis.  We overrule issue four.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed September 18, 2019
Do not publish
[CRPM]

