

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00018-CR

TAWANNA SHUNTELL BROOKS,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

**From the 361st District Court
Brazos County, Texas
Trial Court No. 05-03101-CRF-361**

## MEMORANDUM OPINION

Appellant Tawanna Shuntell Brooks appeals from the trial court's judgment revoking her community supervision. In two issues, Brooks contends that the trial court erred in allowing hearsay testimony and in allowing an opinion from a lay witness. We will affirm.

### Background

On January 25, 2006, Brooks entered a plea of guilty to the felony offense of aggravated assault with a deadly weapon, and the trial court deferred adjudication of

guilt and placed Brooks on community supervision for five years. On February 2, 2009, the State filed a Motion to Adjudicate Brooks's guilt on the underlying offense and revoke her community supervision. The trial court modified the terms of Brooks's community supervision on November 24, 2010 and extended her community service term for an additional three years effective February 27, 2011. On February 20, 2013, the State filed another motion to adjudicate Brooks's guilt. On July 24, 2013, the trial court adjudicated Brooks's guilt and sentenced her to six years in prison, probated for two years. On August 20, 2014, the State filed a motion to revoke Brooks's probation. On July 30, 2015, the trial court modified the terms of Brooks's probation and extended her probationary term for two years effective July 19, 2015.

On May 22, 2017, the State filed another motion to revoke Brooks's probation. After a hearing on January 4, 2019, the trial court found that Brooks had violated six conditions of her probation, including: (1) participating in a shoplifting offense; (2) failing to report to probation for four months; (3) using marijuana during the term of her probation; (4) failing to perform required community service; (5) failing to pay $30 in court-ordered fees; and (6) failing to pay required fees from an earlier term of probation.

The trial court then sentenced Brooks to two years in prison and granted her request for an appeal bond.

## *Issues*

In her first issue, Brooks asserts that the trial court abused its discretion in allowing the admission of hearsay testimony in violation of Rule 803(6) of the Texas Rules of Evidence. Specifically, Brooks argues that the trial court allowed the Brazos County

probation officer recently assigned to her case to testify regarding hearsay statements from Brooks's probation record without the State being required to prove that the probation officer was the custodian of those records.

In her second issue, Brooks asserts that the trial court erred in allowing the same probation officer to give her opinion as to how the Court should rule on the State's Motion to Revoke in violation of Rule 701 of the Rules of Evidence.

*Discussion*

A.  Standard of Review.  A trial court's ruling on the admission of evidence is reviewed for an abuse of discretion.  *See Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018).  In deciding whether an error occurred, the appellate court determines whether the trial court's ruling was "outside the zone of reasonable disagreement."  *Id.*

Abuse of discretion is also the standard for evaluating the trial court's adjudication of guilt following revocation of probation or deferred adjudication community supervision.  *Leonard v. State*, 385 S.W.3d 570, 576-77 (Tex. Crim. App. 2012).  "[T]he trial court has the discretion to revoke community supervision when a preponderance of the evidence supports one of the State's allegations that the defendant violated a condition of his community supervision."  *Id.* at 576.

B.  Harmless Error.  The Court will assume without deciding that the trial court erred in admitting hearsay and opinion testimony from the probation officer.[1]  A violation of evidentiary rules that results in the erroneous admission of evidence is non-

---

[1] The State argues that Brooks failed to preserve her second issue.  We will also assume without deciding that a proper objection was made.

constitutional error. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); *Gerron v. State*, 524 S.W.3d 308, 325-27 (Tex. App.—Waco 2016, pet. ref'd). We must disregard such error unless it affects an appellant's substantial rights. TEX. R. APP. P. 44.2(b); *see also Proenza v. State*, 555 S.W.3d 389, 398 (Tex. App.—Corpus Christi 2018, no pet.). Non-constitutional error affects an appellant's substantial rights if it has a substantial and injurious effect or influence in determining the outcome. *See Bell v. State*, 566 S.W.3d 398, 408 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Hargett v. State*, 472 S.W.3d 931, 934-35 (Tex. App.—Texarkana 2015, no pet.).

The testimony from the probation officer was limited to Brooks's performance on probation prior to the events giving rise to the State's last motion to revoke. The trial court specifically stated that it would consider that evidence only as it related to punishment, not in regard to whether Brooks had violated the terms of her probation. The trial court additionally sustained Brooks's relevance objection, requesting the State focus on evidence related to the motion to revoke filed in 2017.

> THE COURT: Counsel, why don't we focus -- you've asked me to take judicial notice of things. I've taken judicial notice that she's violated her probation before and that you filed motions and that you undertook to do things like extending her. What I need to hear is what you filed in 2017.
>
> [PROSECUTOR]: Your Honor, at this time what -- we're trying emphasize the fact that there's a pattern of --
>
> THE COURT: Do you not think I can figure that out from having taken judicial notice, which you asked me to do at the very beginning?
>
> [PROSECUTOR]: Yes, Your Honor, I believe so, but –
>
> THE COURT: Well, then I'm going to sustain that objection and ask you to focus on 2017, please, sir, that motion.

The State's exhibits and Brooks's testimony support the trial court's findings that Brooks violated the terms of her probation through her misdemeanor conviction for theft in Montgomery County and by using marijuana without the necessity of relying on the probation officer's testimony.

As to the probation officer's lay opinion, there is nothing in the record to reflect that the trial court gave any weight to the probation officer's opinion that Brooks's probation should be revoked. "[A] judge is presumed to be able to disregard those matters he deems, in his capacity as legal arbiter, to be inappropriate for consideration in his role as fact-finder." *Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012) (citing *Garza v. State*, 126 S.W.3d 79, 83 (Tex. Crim. App. 2004)).

After the court ruled that Brooks had violated the terms of her probation, as noted above, the trial court entered into the following exchange with Brooks:

> [THE COURT]: I don't know when the last time is that I have ever heard more excuses given by one individual for their conduct. We started out with -- and even for an aggravated assault with a deadly weapon, well, I only cut him on the ankle. I didn't get caught at the time. I don't rape or rob people. It was my cousin and it was only $54 for baby milk.
>
> Do you understand those are excuses?
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT: Robbing $54 for baby milk is robbery except you didn't exhibit a gun --
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: -- or hurt any -- I don't want you to talk anymore. You've talked plenty today. In fact, you probably have talked too much.

I'm a single mother. Ma'am, you're a single mother by choice, by choosing to have children with men who are not in a committed relationship with you. That's why you're a single mother. That's on you. That's not on anyone else in this room. You've made those decisions. You've made these decisions. You're going to have to live with them.

The Court assesses punishment at two years confinement in the Institutional Division of the Texas Department of Criminal Justice.

The trial court made no additional comments at sentencing.

The trial court's sentence is clearly based on Brooks's testimony and statements, not the opinion of the probation officer.

We conclude from the record before us that the admission of the hearsay testimony and lay opinion of the probation officer did not have a substantial and injurious effect or influence on the trial court's findings that Brooks violated the terms of her probation or on the length of her sentence. *Bell v. State*, 566 S.W.3d at 408. We overrule both of Brooks's issues.

### *Conclusion*

Having overruled both issues raised by Brooks, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Neill, and
    Justice Johnson
Affirmed
Opinion delivered and filed May 28, 2021
Do not publish
[CR25]

