**AFFIRMED as MODIFIED and Opinion Filed August 8, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00875-CR**

**MICHAEL ARDIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2110832-R**

## MEMORANDUM OPINION

Before Justices Molberg, Nowell, and Kennedy
Opinion by Justice Nowell

Michael Ardis was charged with aggravated assault with a deadly weapon against a family member. He entered an open plea of guilty and judicially confessed to the charged offense, and the trial court sentenced him to twenty years' confinement. In six issues, appellant argues the trial court abused its discretion by admitting State's Exhibits 3, 4, 5, and 41 and by permitting his mother to testify about extraneous offenses. Appellant also requests we reform the judgment to reflect the correct name of the State's attorney. We modify the judgment and affirm as modified.

## FACTUAL BACKGROUND

Appellant periodically lived with his mother, Karen[1] Ardis, and father.[2] Karen testified appellant would have "outbursts. He would threaten me; he would threaten his father." After his outbursts, appellant's parents would force appellant to move out of their home, although they frequently provided other lodging for him. Eventually appellant's parents would permit him to move back in. Karen testified about the facts surrounding many of appellant's outbursts and stated she was afraid of her son.

After appellant's father died, Karen bought a home for appellant in Frisco. When Karen decided to sell the house in Frisco, appellant moved in with her. On February 12, 2021, Karen and appellant went to the Frisco house to meet three real estate agents. After the first agent left, appellant became angry and verbally threatened her. Karen decided they should leave because she feared appellant's behavior would escalate, and she canceled the appointments with the other agents. Appellant was angry as they drove away, and he broke the radio in her car. He then threatened to kill them both, grabbed the steering wheel while she was driving on the highway, and tried to crash the car into a retaining wall. He also tried to kick out the windshield. When they arrived at her home, Karen put some of her belongings in a bag and left the house because she was afraid of appellant.

---

[1] Because appellant and his mother share a surname, we will refer to Karen by her first name.

[2] Appellant's father died in 2016 before the assault.

Karen returned the next day, hoping appellant had calmed down. Appellant came into her bedroom while holding a plate with chicken, and he had a steak knife in his hand. Appellant said he wanted Karen to drive him somewhere. When she refused, he pointed the steak knife at her and told her he could "take this knife, I can cut every one of your tendons," "You can't do anything about it," and "you just have to lay [sic] there and take what I do." He then left her bedroom, and she locked her door immediately. When he heard the lock, he asked her: "Are you scared bitch? . . . And he said, Well, you should be." He forcefully attempted to open the door, and she knew that "if he came through the door, he would hurt me." She also pressed the panic button on the key fob for her home alarm system, and she asked the alarm company to send the police. The police arrived and took appellant into custody.

A police officer noticed the door to Karen's bedroom had cuts in it, the door handle was broken, and there were shoe prints on the door where appellant kicked it. The police found the steak knife in the kitchen and a "blade arm for a paper cutter" in the trashcan. The steak knife and paper cutter blade were admitted into evidence during the punishment hearing.

### EVIDENTIARY OBJECTIONS

In his first through third issues, appellant argues the trial court abused its discretion by admitting State's Exhibits 3, 4, and 5 over his objections during Karen's testimony. State's Exhibits 3, 4, and 5 are photographs of the steak knife and paper cutter blade appellant used in the commission of the offense along with a

ruler to show their respective sizes. Appellant asserts the State did not disclose the three exhibits to him more than ten days before the punishment hearing as required by article 1.051(e) of the Texas Code of Criminal Procedure. Article 1.051 provides that an appointed counsel is entitled to ten days to prepare for a proceeding. TEX. CODE CRIM. PROC. ANN. art. 1.051(e).

We review the admission of evidence under an abuse of discretion standard. *Bordelon v. State*, 673 S.W.3d 775, 781 (Tex. App.—Dallas 2023, no pet.) (citing *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016)). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. Error regarding the ten-day preparation time set out in article 1.051 is subject to a harm analysis under rule 44.2(b) of the Texas Rules of Appellate Procedure. *Williams v. State*, No. 05-19-00664-CR, 2020 WL 1969502, at *3 (Tex. App.—Dallas Apr. 24, 2020, no pet.) (mem. op., not designated for publication) (citing TEX. R. APP. P. 44.2(b); *Matchett v. State*, 941 S.W.2d 922, 927–29 (Tex. Crim. App. 1996)). When applying rule 44.2(b), we disregard the error unless it affected an appellant's substantial rights. *Id*. (citing TEX. R. APP. P. 44.2 (b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). A substantial right is affected if: "(1) the error had a 'substantial and injurious' effect or influence in determining the jury's verdict or (2) leaves one in grave doubt whether it had such an effect." *Id*. (quoting *Sauceda v. State*, 162 S.W.3d 591, 597 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd)). Substantial rights are not affected "if the appellate court, after examining the

record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Id.* (quoting *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002)).

For purposes of appellant's first three issues, we assume the trial court abused its discretion by admitting State's Exhibits 3, 4, and 5, and we consider whether appellant was harmed. Appellant's argument that his substantial rights were affected by the erroneous admission of the photographs fails to account for the fact that the actual knife and paper cutter were later admitted without objection. We struggle to imagine how the photographs of the items could have affected appellant's substantial rights when the items themselves were admitted as evidence and viewed by the fact finder without objection. *See Coble v. State*, 330 S.W.3d 253, 282 (Tex. Crim. App. 2010) ("Erroneously admitting evidence 'will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling.'"). After examining the record as a whole, we are assured that any error did not influence the fact finder in this case. We overrule appellant's first, second, and third issues.

## EXTRANEOUS OFFENSES

In his fourth issue, appellant argues the trial court abused its discretion when it admitted the State's Notice of Extraneous Offenses. On the second day of the punishment hearing, the State asked the trial court to take judicial notice of State's Exhibit 41, which it described as a notice of extraneous offenses that had been on

file with the court. State's Exhibit 41 is a chart containing more than 50 entries reflecting prior incidents involving appellant. Information such as a description of each alleged prior offense, date, cause number (if applicable), complaining witness (if applicable), county, and disposition (if applicable) are included. The notice does not include any supporting documentation, and evidence supporting many, but not all, of the listed incidents was provided during the punishment proceeding. Appellant's counsel raised a hearsay objection to the exhibit, which the trial court overruled. The judge stated: "I'm not going to consider anything that isn't proven to me," "the Court's only going to consider the notice of extraneous [sic] if the State is able to prove, if any of them [sic]," and "I'm going [to] consider what I'm allowed to consider by law."

For purposes of appellant's fourth issue, we assume the trial court abused its discretion by admitting State's Exhibit 41 over his objection and we consider whether appellant was harmed. *See* TEX. R. APP. P. 44.2(b) (harmless error).

A judge is presumed to disregard inadmissible evidence when the court "is called on to decide the merits of the case." *Garza v. State*, 126 S.W.3d 79, 83 (Tex. Crim. App. 2004); *see also Lackey v. State*, 364 S.W.3d 837, 843 (Tex. Crim. App. 2012). In this case, the judge announced she would only use the State's Notice of Extraneous Offenses if the State proved the offenses and as permitted by law. The record supports the presumption that the judge, when called upon to decide the merits, disregarded inadmissible evidence, and we presume the judge did so in this

case. Accordingly, we conclude that any error did not affect appellant's substantial rights and was harmless. We overrule appellant's fourth issue.

In his fifth issue, appellant argues the trial court abused its discretion by permitting Karen to testify about an extraneous offense because she lacked personal knowledge. Karen testified she believed appellant was a danger to the community, and the State asked why. As she began to provide an example of a bad act by appellant, she stated she did not witness the incident, but appellant told her about it. Counsel objected on the basis that Karen lacked personal knowledge, and the court overruled the objection. Karen then testified that appellant told her he had a confrontation with another man and, as the other man walked away, "I picked up a brick and I threw it as hard as I could and I hit him right in the back of the head."

Appellant argues a witness may only testify as to matters about which the witness has personal knowledge. *See* TEX. R. EVID. 602. Because Karen lacked personal knowledge of the incident, appellant asserts the trial court abused its discretion by permitting her testimony about the event. While Karen did not observe the incident in question, Karen based her testimony on her personal knowledge of what appellant told her he did to the other man. Additionally, appellant's statements to Karen about the incident were admissible as admissions by a party opponent. *See* TEX. R. EVID. 801(e)(2)(A). We conclude the trial court did not abuse its discretion by permitting Karen to testify about appellant's account of throwing a brick at another man.

MODIFICATION OF JUDGMENT

In his sixth issue, appellant requests we reform the judgment to reflect the correct name of the attorney who represented the State. The State agrees. We have the power to modify judgments to speak the truth when provided with the necessary information. *See* TEX. R. APP. P. 43.2(b); *see also McDade v. State*, 613 S.W.3d 349, 358 (Tex. App.—Dallas 2020, no pet.).

The record reflects Maegan Westbrook acted as the lead attorney for the State, but the judgment shows Shannon Barber was the State's attorney. We modify the trial court's judgment to show Westbrook was the attorney for the State.

CONCLUSION

We modify the trial court's judgment and affirm as modified.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210875F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL ARDIS, Appellant

No. 05-21-00875-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas Trial Court Cause No. F-2110832-R. Opinion delivered by Justice Nowell. Justices Molberg and Kennedy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under the heading "Attorney for State," we **STRIKE** the entry of "Shannon Barber #24091758" and **ADD** "Maegan Westbrook #24088621."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered August 8, 2024